UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
IN TOUCH CONCEPTS, INC. d/b/a ZCOM,

                     Plaintiff,

     – against –

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, *et al.*

                    Defendants.
-----------------------------------------------------------------X

Index No. 12-CV-00542

**AFFIDAVIT OF
DAVID C. BERG**

STATE OF NEW YORK      )
                                 )SS:
COUNTY OF NEW YORK   )

DAVID C. BERG, being duly sworn, hereby deposes and says as follows:

    1.    I am a principal of Law Offices of David C. Berg, lead/trial counsel for Ajay Bhumitra ("Ajay"), a Defendant in the above-captioned action. I am admitted *pro hac vice* in this Court for purposes of this action. As such, I am fully familiar with the facts and circumstances herein.

    2.    I submit this Affidavit in support of Ajay's motion to dismiss the First Amended Complaint, dated May 4, 2012 (the "Complaint") of plaintiff In Touch Concepts, Inc. d/b/a ZCOM ("ZCOM" or "Plaintiff") as asserted against Ajay. A true and correct copy of the Complaint (without its corresponding exhibits) is annexed hereto as Exhibit A.

    3.    By way of example only, the following non-exhaustive list highlights ZCOM's references in the Complaint to the New York-centered nature of this action:

(a) "Verizon's principal office is located in *New York* County" (Ex. A at ¶471)(emphasis added);

(b) "venue was and remains proper in *New York* County..." (Ex. A at ¶471)(emphasis added);

(c) "Defendant Ajay Bhumitra resides in *New York* County, accordingly, venue was and remains proper in *New York* County..." (Ex. A at ¶471)(emphasis added);

(d) "Zcom reserves all rights including, *inter alia*, the right to seek re-transfer back to an appropriate Court and venue in the State of *New York*" (Ex. A at ¶475)(emphasis added);

(e) "By submitting this amended complaint Zcom is not consenting to venue in the District of New Jersey..." (Ex. A at ¶476);

(f) The instant action was "brought under *New York* law" (Ex. A at ¶2)(emphasis added);

(g) ZCOM was "VZW's largest *New York* Metro Master Agent" (Ex. A at ¶9)(first emphasis in original, second emphasis added);

(h) "Verizon's principal offices are located in *New York* State, within the County of *New York*" (Ex. A at ¶127)(emphasis added);

(i) "On the website promoting VZW, Verizon has held itself out as 'headquartered in *New York*...'" (Ex. A at ¶128)(emphasis added);

(j) "fictitious and fraudulent activations made by the sub agents of ZCOM, at the command of VZW....were all 'caused' to be recorded in the business records of ZCOM's sub agents or corporate owned stores, and transmitted to ZCOM headquarters, in *New York* State, for placement and maintenance in its *New York* based records..." (Ex. A at ¶325) (emphasis added);

2

(k) Defendant "Pavlicek then told Charu Sodhi, that, in substance, VZW had 'received a file that there is a tremendous amount of prepaid activity in *New York*, so we are contacting all of the *New York* agents..." (Ex. A at ¶384)(emphasis added);

(l) "Zcom was VZW's biggest agent in *New York*..." (Ex. A at ¶385)(first emphasis in original, second emphasis added); and

(m) Defendant Pavlicek was "shown", *inter alia*, "e-mails from VZW to ZCom to aggressively market and sell prepaid VZW products and services" "while at ZCom headquarters" in *New York* (Ex. A at ¶¶387, 390)(emphasis added).

4. Annexed hereto as Exhibit B is a true and correct copy of Exhibit 10 to the Complaint.

5. Annexed hereto as Exhibit C is a true and correct copy of Defendant's Brief In Support Of Motion To Dismiss And To Seal Materials, which was filed by ZCOM on or about January 10, 2012 in the action entitled *Cellco Partnership d/b/a Verizon Wireless v. In Touch Concepts, Inc. d/b/a ZCOM Wireless*, Index No. 11-Civ-6493 (the "VZW Action"), which action is currently pending in this Court.

6. Annexed hereto as Exhibit D is a true and correct copy of the Declaration In Support of A Motion To Dismiss Pursuant To F.R.C.P. Rule 12(b) And 12(h) And For An Order Pursuant To Local Civil Rule 5.3(c) Sealing Purportedly Confidential Materials, which was filed by ZCOM on or about January 10, 2012 in the VZW Action.

7. Annexed hereto as Exhibit E is a true and correct copy of the Reply Declaration of Ravi Batra, Esquire In Further Support Of A Motion To Dismiss, which was filed by ZCOM on or about March 12, 2012 in the VZW Action.

8. Annexed hereto as <u>Exhibit F</u> is a true and correct copy of the Reply Declaration Of Vikas Dhall a/k/a I.P. Singh In Further Support Of A Motion To Dismiss, which was filed by ZCOM on or about March 12, 2012 in the VZW Action.

9. By way of example only, in the VZW Action, ZCOM disputed this Court's jurisdiction and venue by arguing that:

(a) "Zcom is a *New York* corporation, with a principal office in *New York*, who maintains no corporate presence in New Jersey. Accordingly, the grounds that VZW relied upon to support *in personam* jurisdiction over Zcom are wrong" (Ex. C at p. 2)(emphasis added);

(b) "...venue would properly be placed in federal court in *New York*, <u>not</u> in New Jersey." (Ex. C at p. 18)(first emphasis added, second emphasis in original);

(c) "all of the 'events' claimed by VZW, albeit they are false, occurred in *New York*" (Ex. C at p. 18)(emphasis added);

(d) "there is no basis for venue or jurisdiction over Zcom in this Court" (Ex. C at p. 19);

(e) "Zcom has not done business in New Jersey" (Ex. C at p. 21);

(f) "Zcom's contacts with New Jersey are far too tenuous for this court to exercise specific or general jurisdiction over it" (Ex. C at p. 22);

(g) "Zcom is incorporated in *New York*, maintains its principal place of business in *New York*, maintains no offices in New Jersey, owns no property in New Jersey, has no phone book or yellow page listings in New Jersey and has no bank accounts in New Jersey" (Ex. C at p. 22)(emphasis added);

4

(h) "Zcom does not pay or incur taxes in New Jersey nor does it have any agents in New Jersey authorized to receive and accept service of process on its behalf. Zcom, itself, simply does not conduct business in the state of New Jersey, mandating dismissal on jurisdictional and venue grounds" (Ex. C at pps. 22-23);

(i) "venue is also not proper in the District of New Jersey because none of the 'events' alleged by VZW occurred in New Jersey – much less a 'substantial part'" (Ex. C at p. 23);

(j) "Accordingly, as venue is not proper in the District of New Jersey, dismissal is appropriate" (Ex. C at p. 23);

(k) "there is no link between Zcom and New Jersey" (Ex. D at p. 24);

(l) "Zcom is not, it is respectfully urged, 'subject to *in personam* jurisdiction in this judicial district'" (Ex. D at p. 25);

(m) "this Honorable Court is an improper forum, and lacks personal jurisdiction over Zcom" (Ex. D at p. 25); and

(n) "[i]f [VZW's] amended complaint is dismissed, as it ought to be, Zcom shall seek re-transfer of its own complaint [in this action], with any amendment, ***back to federal court in New York*** –an option left open by Judge Castel." (Ex. E at p. 4)(emphasis added).

10. Annexed hereto as Exhibit G is a true and correct copy of the January 24, 2012 oral argument transcript of proceedings in the instant action before the Honorable P. Kevin Castel of the United States District Court for the Southern District of New York whereby this case was transferred to this Court.

11. A proposed order granting the relief requested herein and in Ajay's accompanying Memorandum of Law is annexed hereto as <u>Exhibit H</u>.

**WHEREFORE**, for the reasons set forth in Ajay's accompanying Memorandum of Law, the Court should issue an Order: (a) pursuant to F.R.C.P. 12(b)(2) and 12(b)(3), and 28 U.S.C. §1391 and §1406, dismissing each of the two (2) claims (the "Claims") asserted against Ajay in the First Amended Complaint (the "Complaint") of Plaintiff In Touch Concepts, Inc. d/b/a ZCOM ("Plaintiff" or "ZCOM"), on the grounds that this Court lacks personal jurisdiction over Ajay and venue is improper in this district, (b) alternatively, pursuant to F.R.C.P. 12(b)(6), dismissing the Claims on the basis that neither claim states a cause of action upon which relief can be granted, and (c) granting such other and further relief as this Court deems just and proper.

_____
David C. Berg, Esq.

Sworn to before me this
22nd day of June 2012

_____
Notary Public

MATTHEW SHEPPE
Notary Public, State of New York
No. 02SH6090717
Qualified in Westchester County
Commission Expires April 21, 2015