Internally, Zcom detected what appeared to be fictitious prepaid account activations and expeditiously reported same to VZW, who were, ironically, the root cause of the problem - as behind Zcom's "back" VZW was coercing Zcom sub agents to make such fictitious activations. Moreover, in a further effort to prevent future fraud, and root out any preexisting fraud, in or about November 2009 Zcom implemented a comprehensive anti-prepaid fraud program with a protocol for identifying and preventing such fraud, and imposing repercussions for participating in same. To further cover up their own fraud and deceit, VZW outwardly commended Zcom for its fraud detection and prevention, while instructing Zcom to continue to deter prepaid activation fraud; however, at the same time VZW personnel were surreptitiously in direct contact with Zcom's sub agents <u>coercing</u> them to commit the very prepaid activation fraud that Zcom was trying to thwart.

Ultimately scrutiny was placed upon VZW for their prepaid activations - which resulted in an internal effort by VZW to cover up their own fraudulent engineering and orchestration of the scheme. VZW sought to pin fault upon Zcom, who refused to accept same - as they were not responsible. When Zcom would not cooperate with VZW's efforts to make it their scapegoat, VZW, via its own "corporate security" personnel, went into "whitewash mode," wherein they overtly took steps to "dirty up" Zcom, including via fabricated evidence and misleading allegations, so as to make Zcom incredulously appear as the architect of the prepaid scam.

Zcom refused to buckle, and as a result, in the worst of faith, VZW sought to terminate its longstanding agency relationship with Zcom by letter dated July 26, 2011, effective January 31, 2012 (*see* Ex. C). In their Termination Letter VZW speaks out of both sides of its "mouth," claiming on the one hand that their termination of Zcom was being made "without cause" and "for 'no cause,'" while simultaneously asserting that they had "grounds for a 'with cause' termination."

Such "grounds," as asserted by VZW were their false representations that Zcom had orchestrated VZW's own prepaid scam, along with other alleged "misconduct" which consisted of wholesale fabrications by VZW (allegations that Zcom had issued a mortgage to former VZW District Manager John Coyle - when Zcom and its officers had <u>never</u> loaned Coyle so much as a cent), misrepresentations (allegations that Zcom had intentionally paid the expenses for former VZW District Manager Tom Verghese to visit Europe, when VZW was well aware that Vergese, and Shelly Bumitra, the principal of Zcom sub agent Reachout Wireless, were scheming to harm Zcom, and that Bhumitra's own travel agent booked the trip, misusing Zcom's credit card - while Bhumitra himself had arranged for airline upgrades and even hotel accommodations, which were covered by his European girlfriend, Yolanda); and, misstatements (allegations that Zcom had wrongly gifted $1,000 to former VZW account manager Chris Malenda, when VZW was keenly aware that such "gift" was for Malenda's wedding, wherein 4 people affiliated with Zcom had committed to attending as guests - thus their "plates" had been paid for,

12

and 2 people attended, while 2 failed to come - thus, as the wedding cost approximately $230.00 per person, the $1,000 was barely enough to cover the per plate costs of the 4 guests Malenda expected) - and was thus a "gift" of $20.00 per person per the 4 guests who had *R.S.V.P.'d*.

Moreover, while in the best of faith Zcom sought to have VZW reconsider its termination of Zcom, they have steadfastly refused, and have not even negotiated. Accordingly, once VZW made clear that they had drawn a line in the sand, Zcom sought to obtain VZW's assistance with an exit strategy that would protect itself and its sub agents, while still being beneficial to VZW. In turn, VZW directed Zcom to sell its operations.

Accordingly, Zcom found ready, willing, and able buyers, all of whom were already in business with VZW and were pre-approved as Master Agents to operate VZW branded retail stores with sub agents working under them. Moreover, all of Zcom's locations, including each of its sub agents' stores, had been approved by VZW as well. Notwithstanding Zcom's efforts to comply with VZW's demands, in a persistence of their bad faith and unfair dealing, they thwarted every prospective sale - unilaterally imposing unfair conditions subsequent, in bad faith - and steadfastly refusing to permit Zcom's sub agents to continue in operation with a new Master Agent.

Three litigations unfold: "Trojan Horse;" VZW's instant lawsuit; and, Zcom's class action suit against VZW, *et al.*.

13

First suit: "Trojan Horse." Zcom is not just suffering because it has to battle for its own survival, and that of its employees, sub agents, and their employees - as a result of VZW's bad faith and unfair dealing, but has also been targeted for litigation abuse as a result of VZW's defamatory false representations. Critically, based upon VZW's false representations that the genesis of their own prepaid scheme was with Zcom, Zcom has been named as a defendant in a civil class action commenced in the Supreme Court of the State of New York, New York County: *Reachout Wireless, Inc., et. al., v. In Touch Concepts, et. al.*, Index # 652587/ 2011 (Ramos, J.), which seeks to recover damages for, *inter alia*, commissions associated with prepaid activations which were "charged back" by VZW.

Second suit: VZW's instant illegal suit. VZW's instant suit was commenced when VZW, aware that it wrongfully terminated Zcom, ran to the Courthouse and filed their "feeble" lawsuit seeking a Declaratory Judgment - essentially seeking a judicial stamp of approval for their wrongful conduct - soaked in bad faith and unfair conduct.

Third suit: Zcom's class action suit against VZW, *et. al.*. In an effort to further protect itself, because *inter alia*, VZW coerced Zcom's sub agents, whom Zcom is in privity with, to breach their contractual arrangements with Zcom, and it is believed that VZW did the same thing with other Master Agents, Zcom commenced a civil class action in the Supreme Court of the State of New York, New York County, against VZW, its parents and affiliates, as well as certain of its employees, seeking, *inter alia*,

14

compensatory and punitive damages. That lawsuit also seeks non-class action compensatory and punitive relief in excess of $12 billion dollars against VZW, its parents and affiliates, certain of their employees, and the principals of certain Zcom sub agents who willfully participated in VZW's prepaid scam. On or about January 3, 2012, VZW, its parents and affiliates and certain of their employees removed this action to the Southern District of New York, ostensibly pursuant to the Class Action Fairness Act: *In Touch Concepts, Inc. v. Verizon Communications, Inc., et. al.*, Case # 12-cv-00025 (PKC) (JCF) (see Ex. J).

### III. ARGUMENT

#### A. THE ISSUES RAISED BY VZW'S COMPLAINT ARE GOVERNED BY NEW YORK LAW

The Master Agreement, drafted by VZW, provides, in pertinent part, that "the interpretation and enforcement of this Agreement and all matters arising out of or relating to it shall be governed by the law of New York" (Ex. B,¶ 10.1). Such choice of law clauses are enforced in this Honorable Court so long its enforcement would not violate the public policy of the State of New Jersey. Homa v. Am. Express Co., 558 F.3d 225, 227 (3rd Cir. 2009). As it was VZW who determined that it was New York law that must be applied, and there is no basis to conclude that the application of New York law in this action would run contrary to New Jersey public policy, New York law must govern. See also Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 131 (3rd Cir. 2002), citing, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941).

> B. **VZW COMMENCED THIS ACTION IN VIOLATION OF PRE-SUIT NOTICE REQUIREMENTS, A MANDATORY CONDITION PRECEDENT CLEARLY DELINEATED IN THE OPERATIVE AGREEMENT GOVERNING THE BUSINESS RELATIONSHIP BETWEEN VZW AND ZCOM - MANDATING DISMISSAL OF VZW'S INSTANT LAWSUIT**

VZW's complaint lawsuit must be dismissed in its entirety as they failed to comply with an express, contractually mandated, condition precedent to commencing "any court case" against Zcom, to wit: "first providing written notice and an opportunity to negotiate with [VZW]" (Ex. B, ¶¶ 14 - 14.2). This written notice, which was never provided by VZW to Zcom, was required to "specify the alleged claim or controversy, summarizing the factual basis for the claim or controversy and the contractual provisions, if any, at issue" (Ex. B, ¶ 14.1). Notably, pursuant to F.R.C.P. Rule 9(c) VZW was obligated to plead that they had met all conditions precedent - this they did not do, because they could not make that allegation. Accordingly, this provides the Court with yet another basis to dismiss this action. So, VZW's abject failure to honor their own contractual condition precedent, and the pleading requirements of F.R.C.P. Rule 9(c) mandates that the instant case be dismissed.

Under well settled New York law, an action fails to state a claim for which relief may be granted, mandating dismissal, with prejudice, when the plaintiff brings the action while failing to comply with an express condition precedent to commencing suit. <u>Yonkers Contr. Co., Inc. v. Port Auth. Trans-Hudson Corp.</u>, 93 N.Y.2d 375, 712 N.E.2d

678, 690 N.Y.S.2d 512 (1999); Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC, 80 A.D.3d 505 (1st Dept. 2011); Diontech Consulting, Inc. v New York City Hous. Auth., 78 A.D.3d 527, 915 N.Y.S.2d 541 (1st Dept. 2010); Emfore Corp. v. Blimpie Assoc., Ltd., 51 A.D.3d 434, 860 N.Y.S.2d 12 (1st Dept. 2008); Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 208 A.D. 2d 63, 621 N.Y.S.2d 642 (2nd Dept. 1995). See also Honeywell, Inc. v J.P. Maguire Co., Inc.,1999 WL 102762 (S.D.N.Y. 1999) (Pitman, J.).

As VZW wholly failed to meet its own contractual conditions precedent to first provide written notice to Zcom of its intent to litigate, and an opportunity to negotiate, prior to commencing this, or any, action arising under the agreement, VZW has failed to state a cause of action upon which relief may be granted. Accordingly, this action must be dismissed. See e.g. TMG Metal v. Okapi Consultants, LLC, 2011 WL 4900014 (D.N.J. 2011) (Martini, J.), *citing*, Frederico v. Home Depot, 507 F.3d 188 (3rd Cir. 2007) (dismissing complaint for failure to allege compliance with conditions precedent). Moreover, as affirmed by the Court of Appeals, New York's highest court, this dismissal is with prejudice and thus, on the merits. Yonkers Contr. Co., 93 N.Y.2d at 380-381, 712 N.E.2d at 681-682, 690 N.Y.S.2d at 616.

    **C. ALTERNATIVELY, VZW'S LAWSUIT MUST BE DISMISSED BECAUSE (A) THE DISTRICT OF NEW JERSEY DOES NOT HAVE PERSONAL JURISDICTION OVER ZCOM; (B) THIS DISTRICT IS NOT A PROPER FEDERAL VENUE FOR ADJUDICATING VZW'S COMPLAINT; AND/OR (C) THERE APPEARS TO BE A LACK OF COMPLETE DIVERSITY, DIVESTING THIS COURT OF SUBJECT MATTER JURISDICTION**

  It is conceded that the amount in controversy exceeds $75,000.00, as mandated by 28 U.S.C. § 1332(a)(1); however, it is <u>not</u> clear that this action is between citizens of different states, as is discussed in greater detail, *infra*. Moreover, even if VZW is wholly deemed a citizen of Delaware and New Jersey, notwithstanding that it appears it is also a resident of New York, if there is complete diversity than venue would properly be placed in federal court in New York, <u>not</u> in New Jersey.

    *I. VZW'S PLEADINGS DO NOT PROVIDE A PROPER BASIS FOR THIS COURT TO ASSUME IN PERSONAM JURISDICTION OVER ZCOM, OR FOR VENUE TO BE PLACED IN THE DISTRICT OF NEW JERSEY*

  VZW's stated basis for venue is their boilerplate assertions that "a substantial number of the events giving rise to Verizon Wireless's claim occurred in this judicial district" and that ZCom is subject to *in personam* jurisdiction in this judicial district" (Ex. A, ¶ 9). However, all of the "events" claimed by VZW, albeit they are false, occurred in New York. Moreover, VZW further pleads that the basis for *in personam* jurisdiction over Zcom is a bald and conclusory assertion that Zcom "has transacted business in the

18

State of New Jersey in connection with the matters at issue" (Ex. A, ¶ 10). To the contrary, Zcom is a New York corporation, with a principal office in New York, and absolutely no corporate presence in the State of New Jersey. Moreover, Zcom's only connection to the State of New Jersey are its three New Jersey based sub agents, who are all independent contractors with an independent existence separate and apart from Zcom, its owners and its management. Accordingly, holding VZW to its pleadings, there is no basis for venue or jurisdiction over Zcom in this Court.

As the plaintiff, it was VZW who has the burden of properly pleading the existence of federal jurisdiction, and that such jurisdiction may properly be maintained over Zcom. See F.R.C.P. 8; Joy v. City of St. Louis, 201 U.S. 332, 340-341 (1906); Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, fn. 13 (3rd Cir. 1999); Smith v. Spina, 477 F.2d 1140 (3rd Cir. 1973). Critically, "'It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case. . . . He must allege in his pleading the facts essential to show jurisdiction.'" Schultz v. Cally, 528 F.2d 470, 474 (3d Cir. 1975), *quoting*, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936) (*omission in original*). VZW has failed to properly and accurately meet their burden.

Whether this Court may exercise jurisdiction over Zcom is determined by federal constitutional law. Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3rd Cir. 1990). Pursuant to F.R.C.P. 4(e), this Court may exercise jurisdiction over a non-resident

19

defendant to the extent authorized under New Jersey law.  See Sunbelt Corp v. Noble, Denton & Associates, Inc., 5 F.3d 28, 31 (3rd Cir. 1993).  New Jersey law permits jurisdiction to be exercised over non-resident defendants to the extent authorized by the Fourteenth Amendment to the United States Constitution.  See R. 4:4-4(e);  Telcordia Tech., Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3rd Cir. 2006); Avdel Corp. v. Mecure, 58 N.J. 264, 277A.2d 207 (1971).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); Hanson v. Denckla, 357 U.S. 235, 253 (1958); Nelligan v. Zaio Corp., 2011 WL 1085525 (D.N.J. 2011) (Wolfson, J.).   Personal jurisdiction is restricted so as to protect the individual interests of non-resident defendants, like Zcom.  U.S. v. Morton, 467 U.S. 822, 828 (1984).

As the plaintiff, it is VZW's sole burden to prove that Zcom had purposefully availed itself of the privilege of conducting business within New Jersey and thereby invoking the benefits and protections of New Jersey's laws, within New Jersey, or by deliberately targeting New Jersey.  See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312 (3rd Cir. 2007); Henry Heide, Inc. v. WRH Prods. Co., 766 F.2d 105, 108 (3rd Cir. 1985);  Burke v. Quarterly, 969 F. Supp. 921, 924 (D.N.J. 1997) (Brotman, J.).

Importantly, where, as here,

> [o]nce a defendant raises the issue of personal jurisdiction, the plaintiff then bears the burden to demonstrate, by a preponderance of the evidence, that the defendant indeed had contacts sufficient to give the district court jurisdiction. Moreover, the plaintiff is required to sustain its burden through sworn affidavits or other competent evidence; at no point may a plaintiff rely on the pleadings alone in order to withstand an in personam jurisdictional attack.

Amberson Holdings LLC v. Westside Story Newspaper, 110 F. Supp 2d 332, 334-335 (D.N.J. 2000) (Politan, J.) (*internal citations omitted*).  See also Weber v. Jolly Hotels, 977 F. Supp 327, 331 (D.N.J. 1997) (Wolin, J.).  This, VZW has not done, and simply cannot do, as Zcom has not done business in New Jersey.

In an attempt to meet its burden of proving that Zcom purposefully availed itself of New Jersey, VZW may argue that there is "specific jurisdiction" by claiming specific contacts with New Jersey by Zcom.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).  However, mere contacts with New Jersey citizens outside of New Jersey are not "purposeful contacts" with New Jersey for jurisdictional and venue purposes.  Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 542-543 (3rd Cir. 1985).   Moreover, a defendant's contacts with New Jersey must result from " purposeful conduct and not the plaintiff's unilateral activities."  Amberson Holdings LLC, 110 F Supp 2d at 334, *citing*, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-298 (1980).  See also Helicopteros, 466 U.S. at 417.

Critically, VZW cannot establish a "relationship among the defendant, the forum and the litigation," therefore there are insufficient minimum contacts between Zcom and New Jersey to permit the exercise of federal jurisdiction over Zcom in the District of New Jersey.  Keeton v. Hustler, 465 U.S. 770 (1984).  Zcom has not purposefully availed itself of New Jersey, and accordingly jurisdiction and venue are improper in this Court.

As there is clearly no "specific jurisdiction," VZW may alternatively argue that this Court ought exercise "general jurisdiction" over Zcom.  However, to justify such jurisdiction VZW would have to prove that Zcom maintained "continuous and systematic contacts" with New Jersey. Helicopteros, 466 U.S. at 416.  Such an evidentiary showing would have to establish that there are significantly more than mere minimum contacts with New Jersey, as the forum state. Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3rd Cir.1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." Reliance Steel Prods. v. Watson, Ess, Marshall, 675 F.2d 587, 589 (3rd Cir. 1982).  This, VZW has not and cannot do.

Zcom's contacts with New Jersey are far too tenuous for this court to exercise specific or general jurisdiction over it.  Zcom is incorporated in New York, maintains its principal place of business in New York, maintains no offices in New Jersey, owns no property in New Jersey, has no phone book or yellow page listings in New Jersey and has no bank accounts in New Jersey.  Additionally, Zcom does not pay or incur taxes in New Jersey nor does it have any agents in New Jersey authorized to receive and accept service

of process on its behalf.  Zcom, itself, simply does not conduct business in the state of New Jersey, mandating dismissal on jurisdictional and venue grounds.

To determine whether a substantial part of the events giving rise to the claims occurred in a given district, the Third Circuit instructs that "the test ... is not the defendant's contracts with a particular district, but rather the location of those event or omissions giving rise to the claim." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3rd Cir. 1994).  The Cottman Court further held that "venue does not lie in a district where the individual defendant did not conduct his business and did not carry out any infringing activities." Id. at 292.  Here, Zcom did not conduct business in New Jersey, accordingly venue does not properly lie in this district.

Zcom is a New York corporation, with its principal place of business in New York, with no corporate presence in New Jersey whatsoever.  Accordingly, notwithstanding VZW's unsupported pleading, venue is also not proper in the District of New Jersey because none of the "events" alleged by VZW occurred in New Jersey - much less a "substantial part."  Therefore, venue is not properly fixed in this District pursuant to 28 U.S.C.§ 1391(a)(2).  Accordingly, as venue is not proper in the District of New Jersey, dismissal is appropriate.  Mendez v. Law Offices of Cohen & Slamowitz, LLP, — F Supp 2d —, 2011 WL 5828573 (D.N.J. 2011) (Martini, J.).

II. THIS COURT OUGHT DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AS COMPLETE DIVERSITY IS APPARENTLY LACKING AMONGST THE PARTIES

While VZW submits that there is complete diversity amongst the parties, their own Rule 7.1 statement (Ex. M) raises questions about same. Federal district courts have subject matter jurisdiction over civil actions with an amount in controversy exceeding $75,000, when the action is between "citizens of different States." 28 U.S.C. § 1332 (a)(1). That is the heart of diversity jurisdiction.

As a New York Domestic Business Corporation with a "principal place of business" in New York, Zcom is solely a resident of the State of New York. 28 U.S.C. § 1332(c)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). VZW, however, is not a corporation, but is instead a partnership, which "as an unincorporated entity, takes on the citizenship of each of its partners." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3rd Cir. 2010), citing, Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3rd Cir. 2008). See also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004).

In their complaint (Ex. A), VZW asserts that it is a Delaware partnership with a principal place of business in New Jersey (Ex. A, ¶ 5). However, the inquiry does not end with where VZW is registered or does business. Rather, as a partnership VZW is not itself a "citizen." Swiger, 540 F.3d at 182. This is why the Court must look to the actual citizenship of its partners - and that VZW was obligated to accurately state the citizenship of all the parties "such that the existence of complete diversity can be confirmed." Chem.

Leaman Tank Lines, Inc., *supra, citing*, 5 Wright & Miller § 1208, at 100 (2d ed. 1990). This too VZW has failed to do.

In their Rule 7.1 statement (Ex. M) and in a putative affidavit of Patrick Devlin, President of VZW's New York Metro region (Ex. X), VZW affirmatively asserts that two of its partners, BAM and GTE "are ultimately owned by Verizon Communications, Inc." ("Verizon"). Thus, it is respectfully submitted that the citizenship of Verizon controls the citizenship of the partnerships that it ultimately owns.

The records of the New York Department of State reveal that Verizon is a Delaware corporation with a principal place of business in the City, County and State of New York (Ex. N). Accordingly, Verizon is a citizen of both Delaware and New York. 28 U.S.C. § 1332(c)(1). It is respectfully submitted that as Verizon owns BAM and GTE, they too are citizens of New York for purposes of diversity and therefore complete diversity is lacking. See Grupo Dataflux, 541 U.S. at 569. Critically,

> [w]hatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.

Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-374 (1978). See also Mennen Co. v. Atl. Mut. Ins. Co., 147 F. 3d 287 (3rd Cir. 1998).

The Federal Rules mandate that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." F.R.C.P. 12(h)(3).

25

Accordingly, as it appears that subject matter jurisdiction is lacking because of the absence of diversity, dismissal is warranted.

## IV.    CONCLUSION

It is respectfully requested that this Honorable Court grant Zcom's motion and dismiss the instant complaint in its entirety, with prejudice.

Respectfully submitted,
THE LAW FIRM OF RAVI BATRA, P.C.
*Attorneys for Defendant In Touch Concepts, Inc.*

/s/ *Michael W. Kennedy*
Michael W. Kennedy, Esquire

/s/ *Ravi Batra*
Ravi Batra, Esquire (*pro hac vice*)

The Batra Building
142 Lexington Avenue
New York, New York 10016
(212) 545-1993

*On the brief*:

Ravi Batra, Esquire (*pro hac vice*)
Todd B. Sherman, Esquire
    (*of the bars of the State of New York
    and Southern and Eastern Districts of New York*)

InTouchConcepts\011012MTDbrief

26

# CASE No. 11 Civ. 6493 (PGS) (TJB)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,

*Plaintiff,*

v.

IN TOUCH CONCEPTS, INC. d/b/a
ZCOM WIRELESS,

*Defendant.*

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS AND TO SEAL MATERIALS

THE LAW FIRM OF RAVI BATRA, P.C.
The Batra Building
142 Lexington Avenue
New York, NY 10016
(212)545-1993

InTouchConcepts\011012MTDbrief