# EXHIBIT E

THE LAW FIRM OF RAVI BATRA, P.C.
The Batra Building
142 Lexington Avenue
New York, NY 10016
Michael W. Kennedy, Esquire
Ravi Batra, Esquire (*pro hac vice*)
(212) 545-1993
(212) 545-0967 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | CASE No. 11 Civ. 6493 (PGS)(TJB) |
| *Plaintiff,* | **REPLY DECLARATION OF RAVI BATRA, ESQUIRE IN FURTHER SUPPORT OF A MOTION TO DISMISS** |
| v. | |
| IN TOUCH CONCEPTS, INC. d/b/a ZCOM WIRELESS, | |
| *Defendant.* | |

RAVI BATRA, hereby declares, certifies and affirms, under the penalties of perjury, pursuant to the laws of the United States of America:

1. I am the principal of The Law Firm of Ravi Batra,, with whom Michael W. Kennedy, Esquire, a member of the bar of this Court and, *inter alia*, of the Courts of the State of New Jersey, is associated, attorneys of record for defendant In Touch Concepts, Inc. d/b/a Zcom ("Zcom").

1

2. I am an attorney admitted to appear before this Court *pro hac vice*. I submit this reply declaration in further support of Zcom's pending motion to dismiss what is now the amended complaint Cellco Partnership d/b/a Verizon Wireless ("VZW") [Exhibit Y]. Being submitted along with my reply declaration and its exhibits are: (a) a reply declaration of Vikas Dhall, a/k/a I.P. Singh the President and Chief Executive Officer of Zcom ("Vikas"); and, (b) a reply brief in further support of Zcom's motion.

3. Subsequent to Zcom making its motion, VZW amended its complaint so as to falsely allege compliance with the preconditions to commencing this action, to wit: pre-suit notice and an opportunity to negotiate (Ex. B, ¶ 14 - ¶ 14.2).

4. VZW "implausibly" alleges that their letter of July 26, 2011 prospectively terminating their contractual relationship with Zcom effective January 31, 2012 meets the preconditions to suit, notwithstanding that:

    a. nowhere in the letter does VZW even suggest that litigation was even possible, much less being contemplated by VZW;

    b. the termination notice does not provide any opportunity for negotiation, and,

    c. all efforts to negotiate which were initiated by Zcom were rebuffed by VZW.

2

5. Because the arguments that Zcom would make in furtherance of a motion to dismiss the amended complaint are much the same as those already made, in an effort to conserve precious judicial resources, while seeking to minimize attorney time and the costs of litigation, the parties have agreed that the already filed motion would apply to the amended complaint.

6. We respectfully withdraw that prong of Zcom's motion which sought dismissal on subject matter jurisdiction grounds. This withdrawal comes as a result of information disclosed by VZW's counsel about the citizenship of the partners which make up VZW after a probing inquiry of both sides by Hon. P. Kevin Castel, United States District Judge for the Southern District of New York, along with the record made at proceedings before Judge Castel on January 24, 2012 wherein Zcom sought temporary injunctive relief to prevent VZW from terminating its agency agreement [Exhibit Z].

7. On or about January 24, 2011, while this motion to dismiss was pending - before any amendment, and without formal motion - or briefing on the issue, Judge Castel Ordered that matter transferred to the District of New Jersey pursuant to the "first-filed" doctrine [Ex. Z pp 28-29], and said matter has been docketed in this Court as *In Touch Concepts, Inc. v. Verizon Communications, Inc., et. al.*, 12-cv-00542 (PGS)(TJB).

3

8. These matters are <u>not</u> consolidated. Moreover, any consolidation in New Jersey would be opposed as:

    a. the instant matter was improperly commenced, in violation of clear and unambiguous preconditions in the contract; and,

    b. VZW rushed to the Courthouse to make an impermissible anticipatory filing in a misguided attempt to benefit from the "first-filed" doctrine. If the amended complaint is dismissed, as it ought to be, Zcom shall seek re-transfer of its own complaint, with any amendment, back to federal court in New York - an option left open by Judge Castel [Ex. Z p. 29, lines 2-10].

9. There was <u>never</u> any pre-suit notice and opportunity to negotiate provided by VZW to Zcom. Rather, the facts demonstrate that VZW wholly failed to meet the preconditions of the contract it drafted.

10. As is delineated in greater detail in Vikas' accompanying reply declaration, notwithstanding repeated contact with VZW from termination notice onward, not once prior to commencing the instant action did VZW provide Zcom with notice that litigation against it was a possibility, nor did VZW provide any opportunity for Zcom to negotiate with it to prevent litigation (Dhall 2/28/12 Decl. ¶¶ 4-6).

11. Additionally, I was also involved, as Zcom's lead New York attorney, in efforts to assist Zcom, which further reveal that VZW wholly failed to meet its obligations, to wit:

    a. on October 7, 2011, I wrote to VZW seeking contractual indemnification from them associated with misconduct by VZW and its representatives which resulted in a New York lawsuit commenced against Zcom by 2 of its sub agents issues raised by the sub agents' lawsuit (Batra 1/10/12 Decl. Ex. T; *see also* Dhall 2/28/12 Decl. ¶ 6(f-g));

    b. on October 19, 2011, VZW, by letter to me from its attorneys, rejected Zcom's request for contractual indemnification (Batra 1/10/12 Decl. Ex. U). That letter contained <u>no</u> mention of any contemplated or prospective "court case" against Zcom;

    c. on or about October 26, 2011, I spoke with VZW's lead counsel, Philip Sellinger, Esq., by telephone. During that conversation I expressed serious concerns about VZW's actions, and placed VZW, via Mr. Sellinger, on notice that litigation <u>against VZW</u> would be forthcoming from Zcom absent a resolution. During our conversation, I made clear that I had held off on commencing an action because it was Zcom's desire to avoid litigation, and their hope that good faith and reason would prevail. Notably, Mr. Sellinger informed

5

me that he anticipated being out if the office for medical reasons, and I agreed that Zcom would not commence any court proceedings against VZW in his absence - as a professional courtesy to him. At <u>no time</u> did Mr. Sellinger mention any contemplated or prospective "court case" against Zcom;

   d. on October 28, 2011, I exchanged e-mails with Mr. Sellinger, who asked that I copy his colleagues on any correspondence in his absence [Exhibit AA]. My response, having already informed him that I would surely not start a lawsuit while he was unavailable, was simply to wish him well [*Id.*]. At <u>no time</u> did Mr. Sellinger mention any contemplated or prospective "court case" against Zcom; and,

   e. "<u>Ambushed</u>:" on November 4, 2011, then unbeknownst to Zcom or myself, <u>without</u> any notice or warning, VZW commenced the instant action - which solely relates to the contract between Zcom and VZW (Ex. A). Thereafter, on November 7, 2011, after learning that this action was commenced, but <u>before</u> actual service, I e-mailed Mr. Sellinger expressing extreme distress over having been "ambushed" [Exhibit BB]. This claim of "ambush" was not made lightly, and was grounded in the facts that: (a) there was <u>never</u> anything even resembling pre-suit notice provided to Zcom by VZW; (b) VZW's attorneys never suggested that they would be commencing litigation against Zcom; and, (c) I had

6

assured Mr. Sellinger that no litigation would be commenced against VZW during his medical leave.

12. I was rather angry when I wrote the November 7, 2011 e-mail, as given that there were communications amongst the parties, and amongst their respective counsel - yet never a hint that VZW would be starting any lawsuit against Zcom - in any forum, I was rather shocked. Add to this the fact that Zcom had been trying to avoid the need to go to any Court, by diligently seeking to sell, as VZW had instructed that Zcom focus on.

13. Notably, on October 12, 2011, VZW's Director of National Distribution Sales Operations Gregg Schenkel ("Gregg") had e-mailed Vikas regarding VZW's sale process [Exhibit CC], yet even that e-mail contained no mention of any contemplated or prospective "court case" against Zcom. As VZW knew, Zcom was in negotiations with a prospective purchaser - trying to comply with VZW's insistence that Zcom be sold. However, Vikas learned from that prospective purchaser that VZW was using real estate brokers to "show" Zcom's locations - which was wholly inconsistent with promoting the sale of Zcom's business, and more in line with VZW seeking to take Zcom over without any compensation. Accordingly, on October 14, 2011, Vikas e-mailed Gregg and put VZW on actual notice that such conduct by VZW could result in legal action by

Zcom against VZW, to wit: "a stiff rebuke in court" (emphasis added) [Exhibit DD].

14. It is thus clear that VZW failed to formally, or even informally, meet the preconditions to filing suit that it inserted into the contract with Zcom that it drafted - notwithstanding multiple opportunities to do so in both communications directly with me, and/or with Zcom itself.

WHEREFORE, as it is respectfully requested that Zcom's motion be granted in its entirety, and that the instant action be dismissed pursuant to pursuant to Fed. R. Civ. P. 12(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at: New York, New York
Executed on: March 12, 2012

Respectfully submitted,
THE LAW FIRM OF RAM BATRA, P.C.
*Attorneys for Defendant In Touch Concepts, Inc.*

Ravi Batra, Esquire (*pro hac vice*)
142 Lexington Avenue
New York, New York 10016
(212) 545-1993

[TC\031212RBReplyDecl]

8